IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 12-08-GF-BMM-03 |
|---|---|
| Plaintiff, | **AMENDED FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| JENNIFER RAE COBELL, | |
| Defendant. | |

## I. Synopsis

Ms. Cobell was accused of violating her conditions of supervised release by failing to reside in a residential reentry center for six months, committing a new crime, and possessing methamphetamine. She admitted to the violations. Ms. Cobell's supervised release should be revoked. She should be sentenced to ten months of custody with credit for time served. She should not be sentenced to an additional term of supervised release.

## II. Status

In March 2012, Ms. Cobell pleaded guilty to the offense of Possession with Intent to Distribute Cocaine. (Docs. 57-59.) She was sentenced to 24 months of custody, followed by three years of supervised release. (Doc. 130.) Ms. Cobell's

first period of supervised release began on May 23, 2014. On August 29, 2014, Ms. Cobell appeared at a Non-Compliance Hearing after admitting to smoking marijuana. On December 18, 2014, Ms. Cobell appeared before United States District Judge Brian Morris on a Summons for a Petition for Revocation. Ms. Cobell admitted to the violations, and Judge Morris ordered continued disposition of sentence for six months. The Court also modified the conditions of Ms. Cobell's supervised release. (Docs. 154, 164.)

In May 2015, Ms. Cobell's supervised release was revoked because she violated the conditions of her release by consuming marijuana and failing to report for substance abuse testing. She was sentenced to four months of custody and 18 months of supervised release. (Doc. 172.) Her current term of supervised release began on September 11, 2015. (Doc. 179.) On October 6, 2015, the United States Probation Office filed a Petition for Warrant for Offender under Supervision, notifying the Court that Ms. Cobell left the residential reentry center and absconded. (Doc. 177.) Based on the petition, United States District Judge Brian Morris issued a warrant for Ms. Cobell's arrest. (Doc. 178.)

**Amended Petition**

On April 20, 2016, the United States Probation Office filed an amended petition asking the Court to revoke Ms. Cobell's supervised release. In the

petition, the Probation Office accused Ms. Cobell of violating Special Condition 7 of her supervised release by failing to reside in a residential reentry center for six months. The petition alleged Ms. Cobell violated the Preamble to the Standard Conditions and Standard Condition 7 by committing a new crime (possession of methamphetamine. (Doc. 179.)

**Initial appearance**

Ms. Cobell appeared before the undersigned on April 25, 2016, in Great Falls, Montana. Federal Defender Henry Branom accompanied her at the initial appearance. Assistant United States Attorney Ryan Weldon represented the United States.

Ms. Cobell said she had read the petition and understood the allegations. Ms. Cobell waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The hearing commenced.

**Revocation hearing**

On April 25, 2016, Ms. Cobell appeared at the revocation hearing with Mr. Branom. Mr. Weldon appeared on behalf of the United States. Ms. Cobell admitted that she violated the conditions of her supervised release. These violations are serious and warrant revocation of Ms. Cobell's supervised release.

Ms. Cobell's violation grade is Grade B, her criminal history category is III,

and her underlying offense is a Class C felony.  She could be incarcerated for up to 24 months.  She could be ordered to remain on supervised release for up to 36 months, less any custody time imposed.  The United States Sentencing Guidelines call for eight to fourteen months in custody.

Mr. Branom recommended a downward departure from the guideline range.  He requested a sentence of time served and continued supervised release.  Ms. Cobell was accepted to a women's addiction recovery program in Missoula, Montana, and Mr. Branom argued that allowing Ms. Cobell to address her addiction would be the most appropriate disposition.  Mr. Branom noted that Ms. Cobell is under state supervision.  Mr. Weldon requested a sentence of 14 months of custody and no supervised release to follow.  He argued that based on Ms. Cobell's history and failure to participate in the programs provided, continued supervision is not appropriate.  Ms. Cobell addressed the Court and said she takes full responsibility for her actions.  She said time in prison will not help her with her addiction.

### III.  Analysis

Ms. Cobell's supervised release should be revoked because she admitted violating its conditions.  Ms. Cobell should be incarcerated for ten months with credit for time served and no supervised release to follow.  This sentence would be

sufficient given the seriousness of the violations but not greater than necessary. The undersigned is convinced that continued supervision would not be an efficient use of government resources, especially given the fact that Ms. Cobell is still on state supervision.

## IV. Conclusion

Ms. Cobell was advised that the above sentence would be recommended to Judge Morris. The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Ms. Cobell's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Ms. Cobell's supervised release and what, if any, sanction to impose. Ms. Cobell waived her right to object to the Findings and Recommendations.

The undersigned **FINDS:**

1. Jennifer Rae Cobell violated Special Condition 7 of her supervised release by failing to reside at a residential reentry center when she left the Passages Residential Reentry Center on October 6, 2015.

2. Jennifer Rae Cobell violated the Preamble to the Standard Conditions and Standard Condition 7 of her supervised release by committing a new crime when she was arrested and pleaded guilty to Criminal Possession of Dangerous Drugs (a felony).

The undersigned **RECOMMENDS:**

The District Court should enter the attached Judgment,

revoking Ms. Cobell's supervised release and committing Ms. Cobell to the custody of the United States Bureau of Prisons for ten months with credit for time served and with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 27th day of April, 2016.

_____
John Johnston
United States Magistrate Judge